# SUPREME COURT.

JOB D. TANNER et al., agt. JACOB R. HALLENBECK, Sheriff of Columbia.

In an action against the sheriff for the escape of a judgment debtor, committed on a *ca. sa.*, it is no defence to the sheriff that such debtor, after the escape, and before the commencement of the action against the sheriff, departed this life.

The cause of action is complete when the escape takes place, liable, however, to be defeated by the voluntary return of the judgment debtor before suit brought.

Such voluntary return is matter of defence, and the sheriff takes the risk of the death of the debtor.

*Columbia Special Term, Oct.* 1849.—This is an action commenced, under the code of 1848, against the defendant as sheriff of Columbia county, for the escape of one Frederick Curtis. The complaint sets out the recovery of a judgment by the plaintiffs in the Columbia County Court, on the 14th November 1848, in favor of the plaintiffs, against the said Curtis for $51.96 ; that on the 25th November 1848, a *ca. sa.* was issued thereon, under which Curtis was arrested and imprisoned by the defendant until the 14th Feburary, 1849, when the defendant wrongfully, and against the will of the plaintiffs, suffered the said Curtis to escape, &c. ; wherefore the plaintiffs demand judgment for $51.96.

The defendant's answer does not put in issue the judgment, execution, and imprisonment of Curtis, but in effect admits them. It sets out that Curtis, after his commitment, was admitted to the liberty of the jail limits, and that afterwards, without the knowledge, permission or consent of the defendant, the said Curtis, on the 13th February, 1849, escaped from the said limits, and on the 17th February, 1849, that the said Curtis departed this life, before the commencement of this action. It was conceded that the action was commenced by the plaintiffs against the sheriff on the 17th February, 1849, in the afternoon, and that in the forenoon in the same day, the said Curtis died at his residence, ten or twelve miles from the jail, not having returned to the limits after his said escape on the 13th February, 1849.

JOHN SNYDER, *for the defendant*, contends that the action will not lie, as the original defendant was dead before the suit was brought.

K. MILLER, *contra.*

WILLARD, Justice.—As the escape in this case was without the consent of the plaintiffs, their cause of action was complete the moment the escape occurred ; liable, however, to be defeated by the voluntary return of the

prisoner, or by his re-capture by the sheriff before suit brought. The rule is laid down in Bacon's Abridgement, 529, tit. Execution, that if a prisoner in execution escape, without the assent of the sheriff, and he make fresh pursuit, and re-take him before action brought, it shall excuse the sheriff; and that a voluntary return of the prisoner, before action, is equal to a re-taking on fresh pursuit. This doctrine has been repeatedly sanctioned by this court, (6 Cowen 732; *Tillman* v. *Lansing*, 4 J. R. 45; *Barry* v. *Mandell*, 10 J. R. 563.) As the re-caption of the prisoner, or his voluntary return are matters of defence for the sheriff, he necessarily takes the risk of the death of the defendant in the execution, before suit, re-caption or return. The cause of action occurred the moment the escape took place, (See *Sweet* v. *Palmer*, 16 J. R. 181; *Scott* v. *Peacock*, 1 Salk. 271.) Nothing short of a release or an accord and satisfaction could discharge it. The death of the original defendant had no other effect than to prevent the sheriff from re-taking him before suit brought. It did not prejudice the plaintiffs' right of recovery.

There must, therefore, be judgment for the plaintiffs against the defendant for the amount of the judgment, together with the costs, &c.